UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH TERRELL BUTLER,

                         Plaintiff,

                                                              9:08-CV-0533
v.                                                            (DNH/GHL)

L. TUPER, III., Corrections Officer, Upstate C.F.;
and STATE OF NEW YORK,

                         Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

KEITH TERRELL BUTLER, 05-A-1392
   Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, NY 14011

GEORGE H. LOWE, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me by the Honorable David N. Hurd, United States District Judge, to hear and

determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on

all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently before the Court is the motion of Keith Terrell Butler ("Plaintiff) for leave to proceed

*in forma pauperis*. (Dkt. No. 2.)  For the reasons discussed below, I deny Plaintiff's motion

without prejudice, and I recommend that the Court issue an Order *sua sponte* dismissing his

Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A, and/or Fed. R. Civ. P. 12[h][3])

if he does not, within thirty (30) days of the date of the Court's final Order with respect to this

Report-Recommendation, do the following two things: (1) *either* pay the Court's filing fee of three hundred fifty dollars ($350) *or* file a completed Application to Proceed without Full Payment of Fees; *and* (2) file an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

## I.    SUMMARY OF PLAINTIFF'S COMPLAINT

Construed with the extra leniency normally afforded to pleadings drafted by *pro se* civil rights litigants, Plaintiff's Complaint alleges that Correctional Officer L. Tuper, III, and the State of New York ("Defendants") violated his Fourteenth Amendment rights of due process and equal protection under the laws when Defendant Tuper denied Plaintiff lunch and called him a racial epithet in response to Plaintiff's request for lunch on January 22, 2008, at Upstate Correctional Facility ("Upstate C.F.").  (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)

It bears noting that Plaintiff is an experienced litigant.  For example, before he signed his original Complaint in this action on March 28, 2008, he had litigated at least a half dozen other prisoner civil actions in federal court, challenging the conditions of his confinement.[1]  However, after carefully reviewing Plaintiff's litigation experience, I have concluded that his experience is not so extensive as to warrant a recommendation that the Court revoke the special solicitude normally afforded *pro se* litigants due to their inexperience.[2]

---

[1]    *See, e.g., Butler v. Jones*, 03-CV-1779 (S.D.N.Y.) (prisoner civil rights action); *Butler v. Mafaro*, 05-CV-0546 (S.D.N.Y.) (prisoner civil rights action); *Butler v. Smith*, 07-CV-0431 (N.D.N.Y.) (Scullin, J.) (prisoner civil rights action); *Butler v. Martin*, 07-CV-0521 (N.D.N.Y.) (Scullin, J.) (prisoner civil rights action); *Butler v. Hogue*, 08-CV-0264 (N.D.N.Y.) (Sharpe, J.) (prisoner civil rights action, filed March 7, 2008); *Butler v. Hyde*, 08-CV-0299 (N.D.N.Y.) (Kahn, J.) (prisoner civil rights action, filed March 14, 2008).

[2]    "There are circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [the] special

## II.     DISCUSSION

### A.     Deficiencies in Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff has failed to complete the Northern District's form Application to Proceed

without Full Payment of Fees.  (Dkt. No. 2.)  Specifically, he failed to have the appropriate

official at Upstate C.F. complete the Certificate at the end of the Application.  (*Id.* at 2.)  While I

do not find that the failure to complete this portion of the Northern District's Application

constitutes a *per se* failure to show cause for the granting of a motion to proceed *in forma*

*pauperis*, I do find that Plaintiff's failure to complete this portion of the Application constitutes

such a failure under the circumstances.

Specifically, I note that less than three years ago (specifically, in or after August of 2005),

Plaintiff appears to have received a settlement amount of ten thousand dollars ($10,000) in

another federal court prisoner civil rights action.  *See Butler v. Mafaro*, 05-CV-0546, Order of

Settlement and Dismissal (S.D.N.Y. filed Aug. 11, 2005).  Furthermore, I note that, in his

Complaint, Plaintiff has made a sworn material misrepresentation to the Court regarding his

litigation history.  (*See*, *infra*, Part II.B.4. of this Order and Report-Recommendation.)  Simply

stated, I find that the Court needs a further assurance from Plaintiff that he is indeed without the

---

[liberality or] solicitude" that is normally afforded *pro se* litigants."  *Koehl v. Greene*, 06-CV-
0478, 2007 WL 2846905, at *3 & n.17 (N.D.N.Y. Sept. 26, 2007) (Kahn, J., adopting Report-
Recommendation) [citations omitted], *accord*, *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d
Cir. 2001) (unpublished opinion), *aff'g*, 97-CV-0938, Decision and Order (N.D.N.Y. filed May
28, 1999) (Kahn, J.), *adopting*, Report-Recommendation, at 1, n.1 (N.D.N.Y. filed Apr. 28,
1999) (Smith, M.J.); *Johnson v. C. Gummerson*, 201 F.3d 431, at *2 (2d Cir. 1999) (unpublished
opinion), *aff'g*, 97-CV-1727, Decision and Order (N.D.N.Y. filed June 11, 1999) (McAvoy, J.),
*adopting*, Report-Recommendation (N.D.N.Y. filed April 28, 1999) (Smith, M.J.); *Davidson v.
Flynn*, 32 F.3d 27, 31 (2d Cir. 1994); *see also Raitport v. Chem. Bank*, 74 F.R.D. 128, 133
(S.D.N.Y. 1977) [citing *Ackert v. Bryan*, No. 27240 (2d Cir. June 21, 1963) (Kaufman, J.,
concurring).

funds necessary to pay the Court's filing fee of three hundred fifty dollars ($350), before Plaintiff

may proceed *in forma pauperis*.

For this reason, I deny Plaintiff's motion for leave to proceed *in forma pauperis* without

prejudice.  In addition, I recommend that the Court issue an Order dismissing Plaintiff's

Complaint if he does not, within thirty (30) days of the date of the Court's final Order with

respect to this Report-Recommendation, *either* (1) pay the Court's filing fee of three hundred

fifty dollars ($350), *or* (2) file a renewed motion for leave to proceed *in forma pauperis*

accompanied by a completed Application.[3]

### B.      Deficiencies in Plaintiff's Complaint

Setting aside the deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis*,

I find that Plaintiff's Complaint is subject to *sua sponte* dismissal (pursuant to 28 U.S.C. §§

1915[e][2][B][ii], 1915A, and/or Fed. R. Civ. P. 12[h][3]) because there are four fatal problems

with Plaintiff's Complaint.

### 1.      Sovereign Immunity Under Eleventh Amendment

The Eleventh Amendment recognizes the fundamental principle of sovereign immunity:

"The Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State,

or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  The Eleventh

Amendment has long been construed as barring a citizen from bringing a suit against his or her

---

[3]       I note that, after he submitted his Application on or about May 28, 2008, Plaintiff
was transferred to Attica Correctional Facility ("Attica C.F.").  (*Compare* Dkt. No. 2, at 2 [Plf.'s
Application, dated March 28, 2008] *with Butler v. Martin*, 07-CV-0521, Plf.'s Notice of Change
of Address [N.D.N.Y. dated May 6, 2008].)  As a result, Plaintiff is advised that the referenced
Certificate should be completed by the appropriate official at Attica C.F., not at Upstate C.F.

own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890). Furthermore, where it has been successfully demonstrated that a defendant is entitled to sovereign immunity, the federal court lacks subject matter jurisdiction over the case, and "the case must be stricken from the docket." *McGinty v. State of New York*, 251 F.3d 84, 100 (2d Cir. 2001) [citation omitted]; *see also* Fed. R. Civ. P. 12(h)(3).

For these reasons, I recommend that, in the alternative, Plaintiff's claims against the State of New York be dismissed *with prejudice* as barred by the Eleventh Amendment.

## 2.   Failure to State a Claim

The denial of a single meal to a prisoner does not violate the Constitution.[4]  (Rather, states are required by the Constitution to furnish prisoners only with reasonably adequate food, i.e., containing a certain nutritional value and caloric amount.)  Furthermore, the use of a racial epithet by a correctional officer, though deplorable, does not violate the Constitution.[5]  Granted,

---

[4]      This is so regardless of the constitutional provision under which the claim is analyzed.  For example, the denial of a single meal does not constitute an injury serious enough to support an Eighth Amendment claim.  *See Zigmund v. Foster*, 97-CV-1989, 1998 U.S. Dist. LEXIS 22997, at *9-10 (D. Conn. Feb. 6, 1998) (*sua sponte* dismissing complaint for failure to state claim because deprivation of one meal did not constitute Eighth Amendment violation); *Brewton v. Hollister*, 948 F. Supp. 244, 251 (W.D.N.Y. 1996) (granting defendants' motion to dismiss plaintiff's complaint for failure to state claim because, *inter alia*, deprivation of one meal did not constitute Eighth Amendment violation); *McLeod v. Scully,* 81-CV-3189, 1984 U.S. Dist. LEXIS 24731, at *5 (S.D.N.Y. July 30, 1984) (denial of one meal per day during eight-day lockdown did not rise to level of Eighth Amendment violation).  Similarly, the denial of one meal, even if inflicted against a prisoner in response to his having engaged in protected activity, is too *de minimis* in nature to constitute adverse action for purposes of a First Amendment retaliation claim.  *Snyder v. McGinnis*, 03-CV-0902, 2004 U.S. Dist. LEXIS 17976, at *33-34 (W.D.N.Y. Aug. 31, 2004).

[5]      *Kemp v. LcClaire,* 03-CV-0844, 2007 U.S. Dist. LEXIS 21342, at *19 (W.D.N.Y. March 12, 2007) ("[T]he use of racial epithets, racially prejudicial insults and name-calling, without more, does not violate the Constitution.") [citations omitted]; *Brown v. Croce*, 967 F. Supp.101, 104 (S.D.N.Y. 1997) ("Brown's claims of racial slurs or epithets reflecting racial

it is possible that the use of a racial epithet *accompanied by* certain adverse action by a correctional officer may, in certain circumstances, constitute a violation of the Equal Protection Clause of the Fourteenth Amendment.[6]  However, the "certain circumstances" referenced are circumstances in which the adverse action has caused the prisoner some sort of *physical injury*: if there has been no physical injury, there has been no violation of the Equal Protection Clause (or any other provision of the Constitution).[7]

---

prejudice cannot form the basis of a claim under § 1983.") [citations omitted]; Haussman v. Fergus, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) ("[T]he taunts, insults and racial slurs alleged to have been hurled at plaintiffs by defendants, while reprehensible if true, do not comprise an infringement of constitutional guarantees.") [citations omitted]; *Wright v. Santoro*, 714 F. Supp. 665, 667 (S.D.N.Y. 1989) (racially derogatory remarks by a guard do not violate an inmate's constitutional rights) [citations omitted], *aff'd*, 891 F.2d 278 (2d Cir. 1989); *cf. Jermosen v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) (McAvoy, C.J.) ("Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional claim cognizable under § 1983.") [citations omitted].

[6]     *See King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) ("[T]he use of racially discriminatory language can provide some evidence of a discriminatory purpose [under the Equal Protection Clause of the Fourteenth Amendment] when that language is coupled with some additional harassment or constitutional violation."); *cf. Williams v. Bramer*, 180 F.3d 699, 701 (5th Cir. 1999) ("While the use of [a racial] epithet is compelling evidence of racial animus, which establishes that the officer's conduct may be motivated by race, the plaintiff must still show that the officer engaged in specific conduct that denied him equal protection of the laws.").

[7]     *Brown v. Croce,* 967 F. Supp. 101, 104 (S.D.N.Y. 1997) (use of racial slurs and epithets accompanied by two slaps in face with no physical injury did not amount to constitutional violation, as a matter of law) [citations omitted]; *see also Hutch v. Dept. of Corr.*, No. 90-16426, 1993 WL 164890, at *1 (9th Cir. May 18, 1993) (affirming district court's decision dismissing prisoner civil rights claim as frivolous where plaintiff alleged that "he was denied breakfast twice, called names by a prison guard, not given the correct religious diet on one occasion, and . . . did not receive regular mail delivery on four occasions"); *Taylor v. City of Falmouth*, 187 F. App'x 596, 601 (6th Cir. 2006) ("[A]lthough Taylor contends that the physical threat and detention satisfies the harassment or other conduct requirement [sufficient to give rise to a claim for a violation of the Equal Protection Clause], we are not persuaded.  We conclude that the district court correctly held that the totality of the actions alleged by Taylor did not transform the outburst and following separation into a deprivation of constitutional rights."); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets in

Here, because Plaintiff has alleged no facts plausibly suggesting that Defendant Tuper caused him any physical injury (e.g., in a way that required medical care) while Defendant Tuper directed the racial epithet at Plaintiff, I find that Plaintiff has failed to state a claim under the Equal Protection Clause.  Moreover, I can imagine no factual circumstances consistent with Plaintiff's Complaint under which he could have possibly been denied his right to either substantive or procedural due process under the Fourteenth Amendment (in part because he had neither a liberty interest nor property interest in receiving the lunch meal).

For these reasons, I recommend that the Court issue an Order *sua sponte* dismissing Plaintiff's Complaint unless, within thirty (30) days of the date of the Court's final Order with regard to this Report-Recommendation, he files an Amended Complaint that corrects the above-described deficiency (in addition to satisfying the condition described above in Part II.A. of this Order and Report-Recommendation).

I note that, to the extent Plaintiff is trying to allege that the Equal Protection Clause violation he experienced caused him a "physical injury" that was essentially *emotional* in nature (e.g., anxiety, depression, stress, nausea, hyperventilation, headaches, insomnia, dizziness, appetite loss, weight loss, etc.), such a claim would appear to be barred also by the Prison Litigation Reform Act of 1995 ("PLRA").  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

---

addition to imposition of 14-hour delay in bringing plaintiff before magistrate judge did not violate Due Process Clause of Fourteenth Amendment) [citations omitted]; *cf. Vilkhu v. City of New York*, 06-CV-2095, 2008 WL 1991099, at *5 (S.D.N.Y. May 5, 2008) (plaintiff stated claim for violation of Equal Protection Clause where he "alleged that racial epithets were directed at him while he was being physically assaulted by the officer defendants [which resulted in need for medical care].").

or emotional injury suffered while in custody without a prior showing of physical injury."); *Todd v. Graves*, 217 F. Supp.2d 958, 961-62 (S.D. Iowa 2002) (applying 42 U.S.C. § 1997e[e] to prisoner's Equal Protection claim under Fourteenth Amendment).[8]

### 3.    Failure to Exhaust Available Administrative Remedies

Plaintiff's allegations about the efforts he took to exhaust his available administrative remedies regarding the claim at issue are relatively specific.  (*See* Dkt. No. 1, ¶ 4 [Plf.'s Compl.].) In particular, Plaintiff alleges that (1) at the time he dated his Complaint (March 28, 2008), there

---

[8]        I note that numerous courts have held–correctly, I believe–that physical manifestations of emotional injuries are not "physical injuries" for purposes of the PLRA.  *See, e.g.*, *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (weight loss, appetite loss, and insomnia caused by emotional distress not "physical injury" for purposes of PLRA); *Cooksey v. Hennessey*, 07-CV-3829, 2007 WL 2790365, at *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury [for purposes of the PLRA].") [internal quotation marks]; *Johnson v. Georgia*, 06-CV-0049, 2007 WL 2684985, at *3 (M.D. Ga. Sept. 7, 2007) (stress and "a mental disorder" not "physical injury" for purposes of PLRA); *Brown v. Porter*, 01-CV-20957, 2006 WL 2092032, at *2 (N.D. Cal. July 26, 2006) (migraines, dry mouth, and loss of appetite caused by mental health problems not "physical injury" for purposes of PLRA); *Watkins v. Trinity Serv. Group, Inc.*, 05-CV-1142, 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2007) (diarrhea, vomiting, cramps, nausea, and headaches from eating spoiled food on one day not "physical injury" for purposes of PLRA); *Hill v. Williams*, 03-CV-0192, 2005 WL 5993338, at *4 (N.D. Fla. Oct. 14, 2005) (thirty-minute episode of hyperventilation, accompanied by shortness of breath, swollen tongue, pounding heart, and headache, not "physical injury" for purposes of PLRA); *Mitchell v. Newryder*, 245 F. Supp.2d 200, 203, 205 (D. Me. 2003) ("permanent traumatization" not "physical injury" for purposes of PLRA); *Todd v. Graves*, 217 F. Supp.2d 958, 960 (S.D. Iowa 2002) (stress, hypertension, insomnia, dizziness, and loss of appetite not "physical injury" for purposes of PLRA); *Ashann-Ra v. Virginia*, 112 F. Supp.2d 559, 566 (W.D. Va. 2000) (psychosomatic conditions, including sexual dysfunction, caused by emotional distress not "physical injury" for purposes of PLRA); *McGrath v. Johnson*, 67 F. Supp.2d 499, 508 (E.D. Pa. 1999) (inflamation of pre-existing skin condition caused by emotional trauma not "physical injury" for purposes of PLRA); *Cain v. Virgina*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and painful headaches caused by emotional distress not "physical injury" for purposes of PLRA); *Pinkston-Bey v. DeTella*, 96-CV-4823, 1997 WL 158343, at *3 (N.D. Ill. March 31, 1997) (severe headaches caused by emotional distress  not "physical injury" for purposes of PLRA).

was a prisoner grievance procedure at the facility at which he was incarcerated, i.e., Upstate C.F., (2) he presented the facts relating to his Complaint in this action in that prisoner grievance program by "filing an inmate grievance complaint through the proper channels," (3) during the three months that followed the filing of that grievance he received no answer to the grievance, and (4) that non-response to his grievance was the final result of his grievance.  (*Id.*)

A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983.  *See Jones v. Block*, 127 S. Ct. 910, 919-21 (2007).  However, "this is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."  *Block*, 127 S. Ct. at 919-21.  If a prisoner *chooses* to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may be dismissed for failure to state a claim.  *Id*. at 920-21.  Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) dismissal premised on failure to exhaust.  However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may plead himself out of court.

That is what has happened here.  Plaintiff has alleged facts plausibly suggesting that, when he did not receive a response to his grievance from Upstate C.F.'s Inmate Grievance Review Committee, he failed to appeal that non-response to the next level of administrative review, which would have been conducted by the Superintendent of Upstate C.F.[9]  Similarly,

---

[9]      *See* 7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step.").

even if he did submit such an appeal to the Superintendent, if he did not receive a response by the Superintendent, he could have appealed that non-response to the New York State Department of Correctional Services' Central Office Review Committee in Albany, New York.  By not completing the review process, according to his own factual allegations, Plaintiff has failed to exhaust his available administrative remedies.[10]

For these reasons, I recommend that the Court issue an Order *sua sponte* dismissing Plaintiff's Complaint unless, within thirty (30) days of the date of the Court's final Order with regard to this Report-Recommendation, he files an Amended Complaint that corrects the above-described deficiency (in addition to satisfying the condition described above in Part II.A. of this Order and Report-Recommendation).

### 4.   Material Misrepresentation to Court

In Paragraph 5 of Plaintiff's sworn Complaint, he answered "Yes" to the question, "Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?"

---

[10]    *McCloud v. Tureglio*, 07-CV-0650, 2008 WL 1772305, at *10-15 (N.D.N.Y. Apr. 15, 2008) (Mordue, C.J.) (adopting Report-Recommendation, premised on, *inter alia*, failure to allege facts plausibly suggesting that plaintiff filed appeal from non-response to grievance); *see also Nimmons v. Silver*, 03-CV-0671, Report-Recommendation, at 15-16 (N.D.N.Y. filed Aug. 29, 2006) (recommending that the Court grant Defendants' motion for summary judgment, in part because plaintiff adduced no evidence that he appealed the lack of a timely decision by the facility's IGRC to the next level, namely to either the facility's superintendent or CORC), *adopted by* Decision and Order (N.D.N.Y. filed Oct. 17, 2006) (Hurd, J.); *Croswell v. McCoy*, 01-CV-0547, 2003 WL 962534, at *4 (N.D.N.Y. March 11, 2003) (Sharpe, M.J.) ("If a plaintiff receives no response to a grievance and then fails to appeal it to the next level, he has failed to exhaust his administrative remedies as required by the PLRA."); *Hemphill v. New York*, 198 F. Supp.2d 546, 549 (S.D.N.Y. 2002), *vacated and remanded on other grounds*, 380 F.3d 680 (2d Cir. 2004) ("[A]ny failure by [Superintendent Artuz] to render a decision on his matter within twelve working days could have been appealed to Albany, thus completing the grievance cycle and exhausting his remedies in a matter of weeks."); *Reyes v. Punzal,* 206 F. Supp.2d 431, 433 (W.D.N.Y. 2002) ("Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him.").

(Dkt. No. 1, ¶ 5[a] [Plf.'s Compl.].)  He then listed only *one* case when identifying those cases, even though he was specifically instructed, "If your answer to 5(a) is YES you must describe any *and all* lawsuits, currently pending or closed, in the space provided on the next page."  (Dkt. No. 1, ¶ 5[b] [Plf.'s Compl., listing case of *Butler v. Martin*, 08-CV-0521 (N.D.N.Y.)] [emphasis added].)

The problem is that, in answering this question, Plaintiff failed to disclose to the Court *any* of the *five* (5) other federal district court prisoner civil rights actions that he had filed before the date on which he signed his Complaint, on March 28, 2008.  *See*, *supra*, note 1 of this Report-Recommendation.

Generally, information about a plaintiff's litigation history is material in prisoner civil rights actions since it enables the Court to determine one or more of the following issues: (1) whether any of the issues in the action have been previously litigated and decided (for purposes of the doctrines of res judicata and collateral estoppel); (2) whether the plaintiff had, prior to being granted *in forma pauperis status* in this action, earned "three strikes" for purposes of 28 U.S.C. § 1915(g); (3) whether the plaintiff had a record of frivolous litigation sufficient to warrant what is known as a "bar order" (i.e., an order barring him from litigating further in that court without meeting certain preconditions) pursuant to 28 U.S.C. § 1651(a); and (4) whether the plaintiff's litigation experience was so extraordinary that it effectively dispenses with the need to afford him special solicitude.

I note that, while a plaintiff is under no duty to provide this information in order to state an actionable civil rights claim, here, Plaintiff *chose* to answer a question on a form complaint calling for such information, and *swore* to the truthfulness of his answer.  There is simply no

11

excuse for such a material misrepresentation to the Court.

District judges from this Court have recently indicated a willingness to sanction *pro se* litigants for making such material misrepresentations.  *See, e.g., Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J., premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *6 & n.32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report-Recommendation by Lowe, M.J., premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) [collecting cases].

Certainly, numerous other federal courts have so sanctioned *pro se* litigants.  *See, e.g., Greer v. Schriro,* No. 06-15537, 2007 WL 4163413, at *1 (9th Cir. Nov. 26, 2007) (affirming district court dismissal that was based on this ground); *Mathis v. Smith*, No. 05-13124, 181 F. App'x 808, 809-10 (11th Cir. May 17, 2006) (affirming district court dismissal that was based partially on this ground); *Hudson v. Fuller,* No. 02-1396, 59 F. App'x 855, 856-57 (7th Cir. Feb. 25, 2003) (affirming district court dismissal that was based on this ground); *Albright v. Holden,* , 99 F.3d 1145, 1145 (9th Cir. 1996) (affirming district court dismissal that was based on this ground).[11]

---

[11]    *See also Hood v. Tompkins*, No. 05-16358, 197 F. App'x 818, 819 (11th Cir. Aug. 7, 2006) (affirming district court dismissal on this ground), *accord, Dinkins v. Smalley*, 07-CV-0043, 2008 WL 160699, at *3 & n.3 (S.D. Ga. Jan. 14, 2008) (adopting, on *de novo* review, magistrate judge's recommendation that plaintiff's complaint should be dismissed on this ground) [citing cases].  I note that the dismissals in *Hood v. Tompkins* and *Dinkins v. Smalley* were without prejudice since the plaintiffs in those cases had not yet had an opportunity to file an amended complaint.  However, here, Plaintiff has had such an opportunity.  (*See* Dkt. No. 6.)  As

I note that I have carefully considered all less drastic sanctions and found them to be inadequate and inappropriate remedies, given the circumstances of this case, and Plaintiff's propensity for abusing the litigation process.[12]

As a result, I recommend that, in the alternative, Plaintiff's Complaint be conditionally dismissed without prejudice as a sanction under Fed. R. Civ. P. 11 for making a material misrepresentation to the Court, in his sworn Complaint, about his previous litigation history. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court . . . a pleading . . ., an . . . unrepresented party is certifying that . . . (1) it is not being presented for any improper purpose . . . .; [and] (3) the allegations and other factual contentions have evidentiary support . . . .").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that the Court issue an Order *sua sponte* **DISMISSING** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, and/or Fed. R. Civ. P. 12(h)(3), if he does not, within **THIRTY (30) DAYS** of the date of the Court's final Order with respect to this Report-Recommendation, do both of the following two things:

_____

a result, the dismissal should be *with prejudice*.

[12]      *See*, *e.g.*, *Butler v. Jones*, 03-CV-1779, Complaint (S.D.N.Y. filed Apr. 2, 2003) (requesting $2.5 million as a result of a "slap[]" by a correctional officer, dismissed for failure to prosecute); *Butler v. Smith*, 07-CV-0431, Complaint (N.D.N.Y. filed Apr. 20, 2007) (swearing that the sole other federal prisoner civil rights actions he had filed was *Butler v. Mafaro*, 05-CV-0546 [S.D.N.Y.]); *Butler v. Hyde*, 08-CV-0299, Complaint (N.D.N.Y. filed March 14, 2008) (swearing that the sole other federal prisoner civil rights actions he had filed was *Butler v. Martin*, 07-CV-0521 [N.D.N.Y.]).

(1) Either (a) Pay the Court's filing fee of three hundred fifty dollars ($350) or

(b) File a completed motion for leave to proceed *in forma pauperis* accompanied

by a completed Inmate Authorization Form agreeing to pay (over time) the Court's

filing fee of three hundred fifty dollars ($350); *AND*

(2) File an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b),

and 12(b)(6).

**BE ADVISED** that any objections to this Report-Recommendation must be filed

with the Clerk of this Court within **TEN (10) WORKING DAYS, PLUS THREE (3)**

**CALENDAR DAYS from the date of this Report-Recommendation**.  *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ALSO ADVISED that the District Court, on *de novo* review, will ordinarily**

**refuse to consider arguments, case law and/or evidentiary material that could have been,**

**but was not, presented to the Magistrate Judge in the first instance.**[13]

---

[13]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994)
("In objecting to a magistrate's report before the district court, a party has no right to present
further testimony when it offers no justification for not offering the testimony at the hearing
before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World
Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate");
*Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993)
(declining to consider affidavit of expert witness that was not before magistrate) [citation
omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to
raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421,
1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's
recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535
(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and
recommendations [to raise its procedural default argument] . . . Respondent has waived
procedural default . . . objection[].") [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun.
Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not

14

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: June 12, 2008
       Syracuse, New York

                                  George H. Lowe
                              United States Magistrate Judge

---

entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].